BRADY v. SOUTH SHORE TRACTION CO.

In re BRADY et al.

(District Court, E. D. New York. April 15, 1913.)

Courts (§ 278*)—Jurisdiction—Receivership—Injunction for Protection of Receivers—Effect of Sale of Property.

A court granted an application by receivers appointed by it for a street railroad company for an injunction restraining another company from threatened action interfering with their operation of the property. At the time the property was sold by the receivers, no formal order had been entered on such application; a temporary restraining order previously made having remained in force. *Held*, that by the sale the court lost jurisdiction to make any order restraining future acts for the protection of the purchaser, but that it retained jurisdiction to make and enforce a decree embodying its previous decision.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 819; Dec. Dig. § 278.*]

In Equity. Suit by Paul T. Brady against the South Shore Traction Company. In the matter of the application of Paul T. Brady and Willard V. King, as receivers, for an injunction. On motion to vacate temporary stay and to deny the application for injunction. Sustained in part.

See, also, 197 Fed. 669.

Gifford, Hobbs & Beard, of New York City (Arthur C. Hume, of New York City, of counsel), for petitioners.

Evarts, Choate & Beaman (Herbert J. Bickford and Henry A. Robinson, both of New York City, of counsel), for Third Avenue Bridge Co.

Frueauff & Robinson, of New York City (Robert S. Sloan, of New York City, of counsel), for Manhattan & Queens Traction Corporation.

CHATFIELD, District Judge. During the administration of certain property by receivers of this court appointed in this action, an application was made on petition for an injunction against the Third Avenue Bridge Company, an intended competitor, which was alleged

to have no right to undertake the intended acts, and hence would be illegally injuring the property which the receivers were legally in possession of and legally enjoying, viz., a franchise over the Fifty-Ninth Street Bridge and extending into this district.

It was not denied by the petitioners that, if the competitor had complied or should comply with the laws by which his competition could be legalized by the proper authorities, then no wrong would be inflicted upon the property rights in the possession of the receivers. But they also contended, and the court held on objections based upon the question of jurisdiction, that irreparable injury to the property within the possession of the court's receivers and under its protection could be prevented by injunction, when about to be inflicted by any one who did not have a right to compel the receivers to allow the competing act. The decision upon the original motion was filed on July 1, 1912, and has been reported in 197 Fed. 669. No restraining order or injunction pendente lite has ever been signed, but the temporary stay has continued by order of the court and with the acquiescence of the Third Avenue Bridge Company. Some discussion has been had as to the settlement of such an order, and during all the period in question since the making of the original motion the temporary restraining order has been in force. After the decision of the motion and some months ago, much of the property held by the receivers, including the franchise over this bridge, was sold by order of the court and with the approval of the necessary municipal and state authorities to purchasers whose rights have become vested in the hands of the Manhattan & Queens Traction Company, who are parties to this motion.

The present application was originally made upon notice to the receivers alone for an order vacating the temporary stay and denying the application for an injunction. It was urged that this court had lost entire jurisdiction over the proceeding by reason of the fact that the only ground of jurisdiction upon which the original ruling was made was the possession and administration by this court, through its receivers, of the property affected. The court directed that the purchasers of this property be brought in as parties to this motion. They have appeared and answered, and it is now contended by the receivers and by these purchasers, the Manhattan & Queens Traction Company, that they are entitled to an injunction order and a decree of this court determining the nature of their title to the property rights in question, deciding that the Third Avenue Bridge Company has not complied with the statutes, and has not obtained an enforceable franchise for the service planned. They ask that it be now enjoined from exercising against the successors in interest to the receivers the intended injury, unless the Third Avenue Bridge Company shall first apply to the proper authorities to perfect its franchise rights and obtain the right to so do.

The situation is unusual, and the principal difficulty arises from the fact that the court must make and enforce a decree embodying its former decision, if title to the property transferred by the receivers is to be definitely adjudicated on the facts which existed prior to the

206 F.—22

sale, and which were set forth on the hearing. On the other hand, possession of the property having been given up by the receivers, no jurisdiction exists at present in this court over new parties threatening future injury to that property, and the court has no jurisdiction to protect the purchasers from further injury by competition of the old parties. But if the motion should now be reconsidered, and an injunction denied solely upon the ground of present lack of jurisdiction for further maintenance of the injunction, then the parties in possession would have no determination, which would have the effect of an order or decree, showing the decision of the court, and which would settle the rights determined therein, unless reversed upon appeal. This court cannot decide as to the possibility of resistance on the part of the purchasers from the receivers against a collateral attack upon the conclusions of this court in its previous decision. Nor should this court, if it has lost jurisdiction to enter any order embodying its decision, attempt any further proceedings in the matter. Further, this court would not have the right to decide between parties not within its jurisdiction such questions of title as may be based upon the former decision.

For these reasons, the present motion, in so far as it asks the court to deny, for lack of jurisdiction, the issuance of any injunction as to future acts of the Third Avenue Bridge Company, with respect to the property now in the hands of the Manhattan & Queens Traction Company, will be granted.

The motion, in so far as it seeks to reopen or reverse the previous decision and to set aside from the outset the injunction or temporary stay which has been in effect and has been enforced by the court to protect the property while in the hands of its receivers, will be denied.

Certain questions were left open for hearing upon testimony before final decision, but the jurisdictional points were decided upon the conceded facts, and as to those the conclusion of the court was in effect final. A decree may be entered as to these questions, in the form of an order adjudicating, as between the Third Avenue Bridge Company and the receivers of this court, the right of the receivers to enjoy (without interference until further order of this court, or so long as the court had jurisdiction to protect the property) undisturbed exercise of the franchise rights and property which were threatened with interference on the part of the Third Avenue Bridge Company, up to the time of the sale of such rights to the Manhattan & Queens Traction Company, and which were conveyed by such sale.

It is considered by the court that its former jurisdiction over the subject-matter and over the parties has now been lost, to the extent of making further orders respecting the subject-matter, since that is no longer in the possession of the court. But, jurisdiction over the parties having been gained through possession of the subject-matter, it still remains to the extent of establishing, by decision and order of the court, the conditions and rights which existed at the time property was transferred by order of the court, and that order must be tested by appeal, if incorrectly established.